UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BURRUEL, | No. 2:21-cv-1319 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion asserts that the Administrative Law Judge erred at step two of the sequential evaluation, at step five of the sequential evaluation, and by rejecting plaintiff's testimony.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 19.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In 2019, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on December 7, 2016. (Transcript ("Tr.") at 16, 276-86.) Plaintiff later amended the alleged onset date to January 1, 2017. (Id. at 38.) Plaintiff's alleged impairments included borderline personality disorder, bipolar disorder, post-traumatic stress disorder, obsessive compulsion disorder, diabetes, migraines, sciatica, depression, and agoraphobia. (Id. at 306.) Plaintiff's applications were denied initially, (id. at 193-97), and upon reconsideration. (Id. at 202-07.)

Plaintiff requested an administrative hearing and which was held before an Administrative Law Judge ("ALJ") on August 20, 2020. (Id. at 35-62.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 35-39.) In a decision issued on September 25, 2020, the ALJ found that plaintiff was disabled beginning on June 18, 2019. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since the amended alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. Since the amended alleged onset date of disability, January 1, 2017, the claimant has had the following severe impairments: posttraumatic stress disorder, bipolar disorder, lumbar disc disease and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. Since January 1, 2017, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that prior to June 18, 2019, the date the claimant became disabled, the claimant had the residual functional capacity to perform

light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: the claimant was limited to occasional climbing of ladders, ropes or scaffolds. She was limited to occasional stooping, crouching and crawling. She was limited to simple tasks with no public contact. She was limited to occasional contact with supervisors. She was unable to engage in teamwork with co-workers.

6. After careful consideration of the entire record, the undersigned finds that beginning on June 18, 2019, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: the claimant is limited to occasional climbing of ladders, ropes or scaffolds. She is limited to occasional stooping, crouching and crawling. She is limited to simple tasks with no public contact. She is limited to occasional contact with supervisors. She is unable to engage in teamwork with co-workers. She will miss work one day per week due to pain.

7. Since January 1, 2017, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was a younger individual age 18-49. The claimant's age category has not changed since the established disability onset date. (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

10. Prior to June 18, 2019, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on March 2, 2019, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Prior to June 18, 2019, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

12. Beginning on June 18, 2019, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. The claimant was not disabled prior to June 18, 2019, but became disabled on that date and has continued to be disabled through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).

////

> 14. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2017, the date last insured (20 CFR 404.315(a) and 404.320(b)).

(Id. at 19-28.)

On May 25, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's September 25, 2020 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 27, 2021. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims of error: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ erred at step five of the sequential evaluation; and (3) the ALJ improperly rejected plaintiff's testimony.[3] (Pl.'s MSJ (ECF No. 13) at 6-19.[4])

**I.     Step Two Error**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to find that plaintiff's migraine headaches were severe. (Id. at 6-10.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and

---

[3] The Court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S. at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'"  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, in a vague and conclusory paragraph devoid of citations in support, the ALJ addressed several of plaintiff's impairments including migraine headaches, stating:

> These impairments have not resulted in more than minimal functional limitation for a continuous period of 12 months or more.  Specifically, records reflected limited, conservative care for these impairments.  Furthermore, records failed to show any consistent symptoms or limitations related to these impairments.  Thus, they are non-severe.

6

(Tr. at 19.) Even if this finding were sufficient to permit meaningful review—and it is not—the finding is clearly erroneous. See generally Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012) (ALJ must explain "analysis of the evidence with enough detail and clarity to permit meaningful review").

In this regard, the record was replete with support for the severity of plaintiff's migraines. Plaintiff was repeatedly diagnosed as suffering from migraines. (Tr. at 461, 595, 607, 641, 670, 733, 1387-88.) The record reflects plaintiff experienced impairment as a result of migraines, including light sensitivity, nausea, and pain. (Id. at 595, 1383.) Plaintiff received treatment for migraines, specifically medication management. (Id. at 563, 1388.)

Defendant notes that plaintiff testified at the August 20, 2020 hearing that plaintiff's migraines were "really helped," by medication and that plaintiff did not "have migraines very often anymore - - very rarely." (Id. at 57; Def.'s MSJ (ECF No. 20) at 8.) The ALJ, however, did not discuss, or even cite to, plaintiff's testimony in finding plaintiff's migraines non severe. The Court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

Moreover, even if the ALJ had relied on plaintiff's hearing testimony, that would not resolve the matter. The hearing before the ALJ occurred on August 20, 2020. Plaintiff, however, alleged disability as of January 1, 2017. Improvement by August of 2020, does not establish that plaintiff was not disabled prior to that date.

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. On this record, the court cannot say

1  that it was clearly established by the medical evidence that plaintiff's migraines were not a severe
2  impairment during the period at issue. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx.
3  653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical
4  impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433
5  F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health
6  during the relevant period, it includes evidence of problems sufficient to pass the de minimis
7  threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On
8  review, the court must determine whether the ALJ had substantial evidence to find that the
9  medical evidence clearly established that Ms. Russell did not have a medically severe impairment
10 or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical
11 opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to
12 meet his burden of establishing disability.").

13     Nor can the court find the ALJ's errors harmless. An error is harmless only if it is
14 "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Comm'r, Soc.
15 Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see also Molina v. Astrue, 674 F.3d 1104,
16 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's
17 decision and the error does not negate the validity of the ALJ's ultimate conclusion."). An ALJ's
18 failure to consider an impairment "severe" at step two is harmless if the ALJ considers all
19 impairments—regardless of severity—in the subsequent steps of the sequential analysis. See
20 Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (finding step two error harmless as the ALJ
21 specifically discussed plaintiff's bursitis and its effects when identifying the basis for limitations
22 in plaintiff's RFC). Here, the ALJ did not consider plaintiff's migraines in the subsequent steps
23 of the sequential evaluation.

24     Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim
25 that the ALJ erred at step two of the sequential evaluation.

26 **II. Step Five Error**

27     Plaintiff also argues that although the ALJ found that plaintiff had moderate limitations in
28 several areas of mental functioning the ALJ did not include those limitations in the hypothetical

question to the Vocational Expert ("VE"). (Pl.'s MSJ (ECF No. 19) at 13.) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, ("RFC"), must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings."). Moreover, "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846.

Here, the ALJ found that plaintiff had moderate limitations in understanding, remembering, and/or applying information. (Tr. at 20.) The ALJ also found that plaintiff was moderately limited "[w]ith regard to concentrating, persisting, or maintaining pace[.]" (Id. at 21.) The ALJ's hypothetical question to the VE failed to include these moderate limitations. Instead, ////

1 the ALJ simply asked the VE to assume a person who "would maintain concentration, persistence, and pace for simple job tasks." (Id. at 60.)

Where an ALJ accepts that the medical evidence has established that the claimant is moderately limited in maintaining concentration, persistence and pace, the ALJ must include that limitation in the hypothetical question to the VE. See Brink v. Comm'r of Soc. Sec. Admin., 343 Fed.Appx. 211 (9th Cir. 2009) ("Brink I"); see also Brink v. Commissioner of Social Sec. Admin., 599 Fed. Appx. 657, 658 (9th Cir. 2015) ("Brink II") ("we reasoned that the ALJ failed to capture Brink's functional limitations resulting from his moderate impairments in concentration, persistence, or pace when the ALJ's hypothetical to the vocational expert stated only that Brink could perform simple, repetitive tasks"); Lubin v. Commissioner of Social Sec. Admin., 507 Fed. Appx. 709, 712 (9th Cir. 2013) ("The ALJ must include all restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace."); Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) ("In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert."); Stewart v. Astrue, 561 F.3d 679, 684-85 (7th Cir. 2009) ("The Commissioner asserts that the ALJ accounted for Stewart's limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public. We have rejected the very same contention before.").

Because the ALJ found that plaintiff was moderately limited in maintaining concentration, persistence, and pace the ALJ should have included such limitations in the hypothetical question to the VE. See Malta v. Saul, Case No. 1:18-cv-0415 JLT, 2019 WL 4127203, at *6 (E.D. Cal. Aug. 30, 2019) ("this Court has repeatedly determined that restriction to simple, repetitive tasks in the RFC or hypothetical to a vocational expert does not adequately incorporate an ALJ's

conclusion that a claimant has moderate limitations in concentration, persistence, or pace at step three"); Acevedo v. Berryhill, No. CV 17-1142 PLA, 2018 WL 550587, at *5 (C.D. Cal. Jan. 23, 2018) ("When the medical evidence establishes, and the ALJ accepts, that the claimant has moderate limitations in maintaining concentration, persistence, and pace, that limitation must be reflected in the hypothetical presented to the VE."); Culpepper v. Berryhill, Case No. 1:16-cv-1230 SKO, 2017 WL 6594640, at *12 (E.D. Cal. Dec. 26, 2017) ("Indeed, the ALJ himself found, at Step Three of the disability determination process, that Plaintiff had 'moderate difficulties' in these areas, but determined that Plaintiff's only mental limitation was to 'jobs involving simple, routine, and repetitive tasks'. Under the reasoning in Brink, such a determination was in error.");

Accordingly, for the reasons stated above, the Court finds that plaintiff is also entitled to summary judgment on the claim that the ALJ erred at step five of the sequential evaluation.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[5] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

////

---

[5] Having already identified errors requiring remand—and finding that this matter should be remanded for further proceedings—the Court finds it unnecessary to reach plaintiff's remaining claim of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

1   Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the nature of the ALJ's errors, the Court cannot say that further proceedings would serve no useful purpose. This matter, therefore, will be remanded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  October 11, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\burruel1319.ord